```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                 :
CHOICE HOTELS INTERNATIONAL,
INC.                             :

     v.                          : Civil Action No. DKC 2004-0011

                                 :
SAHI INVESTMENTS, LLC., et al.
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Choice Hotels International, Inc., to reopen the action and confirm arbitration award. The motion is unopposed. For the following reasons, the motion will be granted.

On March 4, 2004, this case was stayed pending arbitration, and closed administratively. On April 17, 2006, Plaintiff filed a motion to reopen the case and applied to confirm the arbitration award. The award was initially entered February 28, 2006, and modified on April 6, 2006. The arbitrator awarded total damages of $544,581.37 against Sahi Investments, LLC, and Sailesh R. Patel, with interest at the rate of 1 and 1/2% per month until paid.[1] In addition, the arbitrator awarded $660 in attorney's fees and $10,417.01 in arbitration fees and expenses.

---

[1] The arbitrator's decision reflects that Sudhirbhai M. Patel, originally one of the defendants, passed away during the pendency of the proceedings and the case was stayed as to him. Nothing in the arbitration award involves him or his estate. Plaintiff will be directed to notify the court whether this case will thus be dismissed as to him.

As set forth in § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

*Id.*

Choice attached to its application a copy of the parties' contract, containing an agreement to arbitrate, and a copy of the award itself.  Paragraph 23 of the contract provides, in part, that: "Judgment on the arbitration award may be entered in any court having jurisdiction."

> Review of an arbitrator's award is severely circumscribed.  Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all–the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.

*Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998).  If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the

2

arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10 of the FAA, 9 U.S.C. § 10(a).  That section allows vacating of an award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. § 10(a).  In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law."  *See, e.g. Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991).  Mere misinterpretation of a contract or an error of law does not suffice to overturn an award.  *See Upshur*, 933 F.2d at 229.  The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award.

By failing to answer or otherwise respond to Plaintiff's application, Sahi Investments, LLC, and Sailesh R. Patel have not demonstrated any ground for vacating the award. Accordingly, Plaintiff's motion to reopen and to confirm the award will be granted.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```